IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04920-GPG

CARLOS BARRANTES CHIPANA,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
NATHAN RASPER,[1] Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity, and
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

This matter comes before the Court upon Petitioner's Amended Verified Petition for Writ of Habeas Corpus (D. 10). The Court construes the Amended Petition as a motion to enforce and GRANTS the motion the following reasons.

On October 8, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing under § 1226(a) at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest (D. 4). The Court

[1] Substituted pursuant to Federal Rule of Civil Procedure 25(d).

further ordered Respondents to file a status report within five days of the bond hearing including as an attachment any warrant justifying Petitioner's detention at the time he was detained (*id*). On October 15, 2026, Petitioner received a bond hearing in front of an immigration judge (IJ) (D. 7). The IJ denied bond on the basis that Petitioner poses a flight risk (*id.*). Petitioner now argues that his arrest was unlawful because the warrant Respondents submitted as proof that Petitioner's detention was proper at the time of his arrest pre-dates his Notice to Appear, in violation of DHS regulations, and the circumstances for a warrantless arrest were not present (D. 10). Respondents filed a response stating that they are "not submitting a brief in opposition" to Petitioner's motion and recognize "that the Court may then decide to grant the Motion and award appropriate relief" (D. 12).

Accordingly, pursuant to this Court's inherent authority to enforce its October 8, 2026, Order and Respondents' failure to oppose Petitioner's motion or provide a basis for denial, it is ORDERED that Petitioner shall be released from custody within 48 hours, and Respondents SHALL update this Court in writing upon his release. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him." (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9 (10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284))).

Respondents are ENJOINED from arresting or detaining Petitioner unless and until a final order of removal issues[2] or from imposing conditions in excess of those already in place prior to

[2] Any request for relief from this Order shall be filed in this case as a Rule 60(b) motion.

Petitioner's arrest. The Court maintains jurisdiction to ensure compliance with all aspects of this Order. *See Phone Directories Co. v. Clark,* 209 F. App'x 808, 812 (10th Cir. 2006) ("It is well-established that a court retains ancillary jurisdiction over subsequent proceedings to enforce its own orders and judgments."); *Peacock v. Thomas,* 516 U.S. 349, 356 (1996) ("Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.").

DATED November 13, 2026.

BY THE COURT:



Gordon P. Gallagher
United States District Judge